WILLIAM ORR, ALEXANDER M. ORR and FREDERICK W. ORR, Respondents, *v.* JOSEPH McEWEN and NATHANIEL McEWEN, Appellants, Impleaded with JOSEPH E. WILLIAMS.

*Substituted service — time to answer expires in twenty days — entry of judgment against joint-debtors.*

A defendant served by substituted service, in pursuance of sections 435 and 436 of the Code of Civil Procedure, must answer within twenty days from the time of such service.

Where one joint-debtor has been personally served, and the other has been served by substituted service, plaintiff cannot enter judgment until the time to answer of the defendant served by substituted service, has expired, and must then enter judgment against both.

APPEAL from an order of the Special Term denying a motion to vacate a judgment, entered against these defendants on a partnership liability, immediately after the expiration of the time to answer of the defendant Nathaniel McEwen, and before the time of the defendant Joseph McEwen, had expired. The defendants

were partners under the firm name of J. & N. McEwen. The complaint alleged that as such they had indorsed a promissory note. On August 10, 1878, on proof of service of the summons and complaint on Nathaniel McEwen, judgment was entered against both, to be enforced against their joint property, and the separate property of Nathaniel McEwen. August third an order had been made directing service of the summons and complaint on the defendant Joseph McEwen, by substituted service, and such service was on the same day made. On the expiration of the latter's time to answer, the plaintiff entered a second judgment, in form like the first, except that it was enforceable against the separate property of Joseph McEwen instead of that of Nathaniel McEwen. This judgment Judge DONOHUE vacated. He denied the motion so far as it concerned the earlier judgment, on the ground that the statute contemplated personal service.

*J. H. Dougherty*, for the appellants.

*G. W. Davenport*, for the respondents.

*Per Curiam:*

The mode of entering judgment against joint-debtors, where all have not been served, is regulated by section 136 of the Code of Procedure, which is still in force. (Throop's Code of Civil Procedure, 735.) Where all have been served, judgment must be entered against all, and the provisions of section 136 do not allow separate judgments. The only question on this appeal is whether both of the joint-debtors, against whom the action is brought, had been served within the meaning of the Code, at the time the judgment sought to be set aside was entered. One of them, the appellant, had been personally served; the other had been served by substituted service. By sections 435 and 436 of the Code of Civil Procedure provision is made for substituted service in the cases therein mentioned, and section 437 declares the effect of such service. It provides that "on filing an affidavit showing service, according to the order, the summons is deemed served, and the same proceedings may be taken thereupon as if it had been served by publication, pursuant to an order for that purpose." The

effect of this provision is to make the service described in the order for substituted service equivalent to service by publication, and the result is that the defendant, on whom such service is made, is in default at the expiration of twenty days from the time of making the service. It is equivalent, therefore, so far as it affects the right to enter judgment against joint-debtors, to personal service, and no judgment where one or two joint-debtors have been served personally, and the other by substituted service in accordance with an order, can be entered against the one personally served; and the plaintiff must wait the expiration of the time to answer of the one last served.

The judgment in this case was therefore irregular, and must be set aside; but as the question of practice is new, and was deemed doubtful by the court below, we think no costs, either of the motion or of this appeal, should be allowed.

Present — Davis, P. J., Brady and Ingalls, JJ.

Judgment set aside, without costs of motion, or of this appeal.